JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

EVE DEL CASTELLO

**DEFENDANTS**

ALAMEDA COUNTY TRANSIT PARKING ENFORCEMENT CENTER BZ

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

SAN FRANCISCO

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

ADR

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

EVE DEL CASTELLO / IN PROPER
865 SAN JOSE AVE, #2
SF, CA 94110 (415) 282-0894

Attorneys (If Known) RICHARD E. WINNIE (68048)
County Counsel
RAYMOND LARA (213180) Deputy County
Counsel, County of Alameda (PH) 510-272-6700
1221 OAK ST, Suite 450
OAKLAND, CA 94612-4296 (FAX) 510-272-5020

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities — | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities — | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☒ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | Transferred from | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
4TH, 5TH 8TH & 14 AMENDMENTS TO THE U.S. CONSTITUTION

Brief description of cause:
THE WORDING IN VEHICLE CODE 40215 DENIES EQUAL RIGHTS TO DUE PROCESS

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)     ☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE 6-18-08     SIGNATURE OF ATTORNEY OF RECORD     Eve Del Castello

MISS EVE DEL CASTELLO, IN PROPER/ESquire

1  **Name and Address**
2  865 SAN JOSE AVE #2
3  S.F., CA 94110
4

5  # UNITED STATES DISTRICT COURT
6  ## NORTHERN DISTRICT OF CALIFORNIA

**BZ**

7
8  (CV)  **CV 08** Case No. **3012**

9  EVE DEL CASTELLO
10  **Plaintiff / Petitioner**            Document Name: COMPLAINT
11                                        DEMAND
    **VS.**                               TO DELETE ~~OF~~
12  ALAMEDA COUNTY TRANSIT
13  PARKING ENFORCEMENT CENTER           THE ILLEGAL/UNCONSTITUTIONAL
14  **Defendant / Respondent**            WORDING IN SECTION (b) OF
15                                        VEHICLE CODE 40215

16  1. JURISDICTION: THIS COURT HAS JURISDICTION OVER
17  THIS COMPLAINT BECAUSE IT ARISES UNDER THE LAWS
18  OF THE U.S.
19  2. VENUE: VENUE IS APPROPRIATE IN THIS COURT
    BECAUSE ~~BOTH~~ THE DEFENDANT ~~RESIDES~~ IN THIS DISTRICT
20  AND A SUBSTANTIAL AMOUNT OF THE VIOLATIONS GIVING RISE
    TO THIS LAWSUIT OCCURRED IN THIS DISTRICT.
21
22  3. INTRADISTRICT ASSIGNMENT. THIS LAWSUIT SHOULD BE
    ASSIGNED TO THE SAN FRANCISCO DIVISION OF THIS COURT
23  BECAUSE ALL OF THE VIOLATIONS WHICH GIVE RISE TO THIS
    LAWSUIT OCCURRED IN ALAMEDA COUNTY (OAKLAND).
24
25  4. PLAINTIFF EVE DEL CASTELLO WAS VICTIMIZED, AS WELL
26  AS OTHERS CURRENTLY IN THIS STATE, BY BEING DENIED
    THE RIGHT OF DUE PROCESS — 40215 VEHICLE CODE
27  SECTION (b)..."SHALL DEPOSIT THE AMOUNT OF THE PARKING
    PENALTY WITH THE ~~PROCESSING AGENCY~~" — REGARDLESS OF
28  ABILITY TO PAY —

(-1-)

Eve Del Castello
in Pro Per
865 San Jose Ave., #2
San Francisco, CA 94110
(415) 282-0894

2
3
4
5
6
7
8   EVE DEL CASTELLO                    )       MEMORANDUM OF
9                                        )       POINTS & AUTHORITIES
10      Plaintiffs                       )
11                                        )
12   v. ALAMEDA COUNTY TRANSIT           )
13   PARKING ENFORCEMENT CENTER          )
14      Defendant                        )
15                                        )
16  ─────────────────────────────
17   5. THE INITIAL WRIT THAT I WAS GRANTED 3-8-07
18   IN THE SUPERIOR COURT OF CALIFORNIA, OAKLAND
19   WAS ..."TO HALT THE ALAMEDA COUNTY PARKING ENFORCEMENT
20   CENTER FROM REQUIRING THAT ALL POSSIBLE FINES BE
21   PAID IN ADVANCE OF TRIAL (HEARING) BEING ALLOWED.
22   PLAINTIFF'S RIGHTS TO DUE PROCESS UNDER THE FOURTH,
23   FIFTH AND EIGHTH AMENDMENTS TO THE U.S. CONSTITUTION,
24   WHICH HAVE BEEN MADE BINDING ON CALIFORNIA AND
25   OTHER STATES BY THE FOURTEENTH AMENDMENT.
26
27   6. THE WRIT FURTHER INCLUDED THE RIGHT OF PERSON
28   CHARGED WITH CRIME TO BE RELEASED DURING TRIAL AND
29   PENDING JUDICIAL REVIEW IS HEAVILY FAVORED, AND REQUIREMENT
30   FOR SECURITY BOND MAY, IN A PROPER CASE, BE DISPENSED
31   WITH. FED. RULES CRIM. PROC. RULE 46[d], 18 U.S.C.A.
32   BANDY v. U.S., 81 S. Ct. 197, 5 L. Ed. 2d. 218
33   7. NO PERSON SHOULD "DENIED RELEASE, PENDING JUDICIAL
34   REVIEW, BECAUSE OF INDIGENCE, AND HE IS ENTITLED TO RELEASE
35   ON PERSONAL RECOGNIZANCE WHERE OTHER RELEVANT FACTORS MAKE
36   IT REASONABLE TO BELIEVE THAT HE COMPLY WITH ORDERS OF
37   COURT. BANDY v. U.S., 82 S. Ct. 11, 7 L. Ed. 2d 9.
38   8. DOUBT WHETHER BAIL SHOULD BE GRANTED OR DENIED
39   SHOULD ALWAYS BE RESOLVED IN FAVOR OF DEFENDANT.
40   FED. RULES CRIM. PROC. RULE 46(a)(N), 18 U.S.C.A., U.S.C.A.
41   CONST. AMEND

EVE DEL CASTELLO )

Vr )   MEMORANDUM OF

ALAMEDA COUNTY TRANSIT )   POINTS & AUTHORITIES

PARKING ENFORCEMENT CENTER )   ..... CONTINUED

9. AMENDED ORDER 3-14-07 ALLOWED ME TO REQUEST A HEARING BY 3-19-07 + OBTAIN A WAIVER OF ADVANCE PAYMENT. So, I RESPONDED IN A LETTER DATED 4-19-07. THE LETTER INCLUDED THE FACT THAT THE CONTENTS POLICY & VEHICLE CODE 40125 (WORDING SECTION b) RELEVANT TO THIS CURRENT CASE IS UNCONSTITUTIONAL — PAYING FIRST IS AN ADMISSION OF GUILT — Article I, SECT. 15, G.I. PRIVILEGE AGAINST SELF-INCRIMINATION 12∙. IN GENERAL — HABEUS CORPUS PROCEEDING IS CIVIL IN NATURE FOR THE PURPOSES OF THE PRIVILEGE AGAINST SELF-INCRIMINATION IN RE SCOTT (2003) 29 CAL 4TH 783, 129 CAL RPTR 2D 605, 61 P3D 402

10. ON THE ISSUE OF MONEY — WHETHER A PERSON HAS ENOUGH OR NOT AT ALL — Article I, SECTION 12 BAIL — RELEASE ON OWN RECOGNIZANCE — A PERSON SHALL BE RELEASED ON BAIL BY SUFFICIENT SURETIES, EXCEPTIONS (a) CAPITAL CRIMES (b) FELONY OFFENSES, ETC.

11. THE LETTER LASTLY REITERATED THE CALIFORNIA STATE CONSTITUTION IS STILL RELEVANT + THE 14TH AMENDMENT PROTECTING IT ALSO — Article I SECTION 7, II, 13 = PROCEDURAL DUE PROCESS 1. NOTICE REQUIREMENTS 21. IN GENERAL — A JUDGMENT OBTAINED WITHOUT SERVICE OF SUMMONS ON, OR VOLUNTARY APPEARANCE BY DEFENDANT DOES NOT CONSTITUTE DUE PROCESS. BELCHER V. CHAMBERS (1879) 53 CAL 635 — AND AMENDED OTHERWISE SINCE.

Eve Del Castello

v.

Alameda County Transit
Parking Enforcement Center

Memorandum of
Points & Authorities

#12 — #14

12. On April 27, 2007 was the order after
my letter saying Vehicle Code 40215 was constitutional
based on "Tyler v. County of Alameda (1995) 34 Cal. App. 4th
777. So it became Case A117981, Div. 2 of 1st Appellate
District Court — Closing Brief Filed 11-7-07 — when
I said the Tyler case was weak in its statutes
cited. The 1st Appellate based its denial on
Tyler case followed by the 6th Appellate Dist. in
Love v. City of Monterey (1995) 37 Cal. App. 4th 562, 564
(Love).

13. By then, I had received a hearing on the
ticket at the time by a small claims judge in
Berkeley & it was dismissed. In my reply to
answer of Respondent's after Petition for Review,
Supreme Court S162254 Filed 5-09-08 — I discussed
how abusive the hearing in San Leandro, along with
a hearing officer, was before the hearing in Berkeley.
See Point 6 "Pending Judicial Review is Heavily favored.
...." Bandy v. U.S. Also, Mathews v. Eldridge (1976) 424 U.S. 319
                       was cited. S162254.

14. That ticket was as "a" result of Sheriff's
misconduct & "no Probable Cause" & it did not
have anything printed on it about our own rights to
fill out a waiver of fees "Vehicle Code 40215
Section (7). And, the form I filled out to get the
hearing in San Leandro said if I was guilty I'd have
to pay in full. That's also illegal according to
40215 (7) Deering Pocket Supplement 2008".
— Eve Del Castello              — 4 —        6-18-08
     Eve Del Castello                         Date

EVE DEL CASTELLO
        PLAINTIFF

V.

ALAMEDA COUNTY TRANSIT
PARKING ENFORCEMENT CENTER

DECLARATION OF
EVE DEL CASTELLO
IN SUPPORT OF
COMPLAINT

① EXHIBIT A  ATTACHED TO THIS DOCUMENT (DECLARATION)
I IDENTIFY AS A TRUE AND CORRECT COPY
OF VEHICLE CODE 40215. (1) + (2)

② EXHIBIT B  ATTACHED TO THIS DECLARATION I
IDENTIFY AS A TRUE AND CORRECT COPY OF
THE  PETITION FOR WRIT GRANTED/ORDER.

I HEREBY DECLARE ~~CERTIFY~~ UNDER PENALTY OF
PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON JUNE 18, 2008.

                                    Eve Del Castello
                                EVE DEL CASTELL.

Exhibit A

(1)

OFFENSES AND PROSECUTION

Collateral References:
Witkin & Epstein, Criminal Law (2d ed) § 1961.

§ 40215. Initial review of notice of parking violation: Administrative hearing process: Time limits

(a) For a period of 21 calendar days from the issuance of a notice of parking violation or 14 calendar days from the mailing of a notice of delinquent parking violation, a person may request an initial review of the notice by the issuing agency. The request may be made by telephone, in writing, or in person. There shall be no charge for this review. If, following the initial review, the issuing agency is satisfied that the violation did not occur, or that the registered owner was not responsible for the violation, or that extenuating circumstances make dismissal of the citation appropriate in the interest of justice, the issuing agency shall cancel the notice of parking violation or notice of delinquent parking violation. The issuing agency shall advise the processing agency, if any, of the cancellation. The issuing agency or the processing agency shall mail the results of the initial review to the person contesting the notice.

(b) If the person is dissatisfied with the results of the initial review, the person may request an administrative hearing of the violation no later than 21 calendar days following the mailing of the results of the issuing agency's initial review. The request may be made by telephone, in writing, or in person. The person requesting an administrative hearing shall deposit the amount of the parking penalty with the processing agency. The issuing agency shall provide a written procedure to allow a person to request an administrative hearing without payment of the parking penalty upon satisfactory proof of an inability to pay the amount due. Notice of this procedure shall be provided to all persons requesting an administrative hearing. After January 1, 1996, an administrative hearing shall be held within 90 calendar days following the receipt of a request for an administrative hearing, excluding time tolled pursuant to this article. The person requesting the hearing may request one continuance, not to exceed 21 calendar days.

(c) The administrative hearing process shall include the following:

(1) The person requesting a hearing shall have the choice of a hearing by mail or in person. An in-person hearing shall be conducted within the jurisdiction of the issuing agency. If an issuing agency contracts with an administrative provider, hearings shall be held within the jurisdiction of the issuing agency or no more than 21 miles outside the county.

(2) If the person requesting a hearing is a minor, that person shall be permitted to appear at a hearing or admit responsibility for the parking violation without the necessity of the appointment of a guardian. The processing agency may proceed against the minor in the same manner as against an adult.

(3) The administrative hearing shall be conducted in accordance with written procedures established by the issuing agency and approved by the governing body or chief executive officer of the issuing agency. The hearing shall provide an independent, objective, fair, and impartial review of contested parking violations.

(4) (A) The issuing agency's governing body or chief executive officer shall appoint or contract with qualified examiners or administrative hearing providers that employ qualified examiners to conduct the administrative hearings. Examiners shall demonstrate those qualifications, training, and objectivity necessary to conduct a fair and impartial review. An examiner shall not be employed, managed, or controlled by a person whose primary duties are parking enforcement, parking citation, processing, collection, or issuance. The examiner shall be separate and independent from the citation collection or processing function. An examiner's continued employment, performance evaluation, compensation, and benefits shall not, directly or indirectly, be linked to the amount of fines collected by the examiner.

(B) Examiners shall have a minimum of 20 hours of training. The examiner is responsible for the costs of the training. The issuing agency may reimburse the examiner for those costs. Training may be provided through (i) an accredited college or university, (ii) a program conducted by the Commission on Peace Officer Standards and Training, (iii) American Arbitration Association or a similar established organization, or (iv) through any program approved by the governing board of the issuing agency, including a program developed and provided by, or for, the agency. Training programs may include topics relevant to the administrative hearing, including, but not limited to, applicable laws and regulations, parking enforcement procedures, due process, evaluation of evidence, hearing procedures, and effective oral and written communication. Upon the approval of the governing board of the issuing agency, up to 12 hours of relevant experience may be substituted for up to 12 hours of training. In addition, up to eight hours of the training requirements described in this subparagraph may be credited to an individual, at the discretion of the governing board of the issuing agency, based upon training programs or courses described in (i) to (iv), inclusive, that the individual attended within the last five years.

(5) The officer or person who issues a notice of parking violation shall not be required to participate in an administrative hearing. The issuing agency shall not be required to produce any evidence other than the notice of parking violation or copy thereof and information received from the Department of Motor Vehicles identifying the registered owner of the vehicle. The documentation in proper form shall be prima facie evidence of the violation.

(6) The examiner's decision following the administrative hearing may be personally delivered to the person by the examiner or sent by first-class mail.

*[handwritten: Exhibit A (2-)]*

## § 40215 — OFFENSES AND PROSECUTION

(7) Following a determination by the examiner that a person has committed the violation, the examiner may allow payment of the parking penalty in installments, or an issuing agency may allow for deferred payment or allow for payments in installments, if the person provides evidence satisfactory to the examiner or the issuing agency, as the case may be, of an inability to pay the parking penalty in full. If authorized by the governing board of the issuing agency, the examiner may permit the performance of community service in lieu of payment of a parking penalty.

(d) The provisions of this section relating to the administrative appeal process do not apply to an issuing agency that is a law enforcement agency if the issuing agency does not also act as the processing agency.

Added Stats 1995 ch 734 § 15 (AB 1228). *[handwritten: CONSISTENT WITH THE]*

**Former Sections:** *[handwritten: WRITTEN GUIDELINES ESTABLISHED BY THE JUDICIARY]*
Former § 40215, similar to the present section, was added Stats 1992 ch 1244 § 26, operative July 1, 1993, amended Stats 1993 ch 1093 § 10, and repealed Stats 1995 ch 734 § 14.
Former § 40215, similar to the present section, was added Stats 1986 ch 939 § 15, amended Stats 1987 ch 852 § 3, Stats 1989 ch 750 § 5, and repealed Stats 1992 ch 1244 § 25, operative July 1, 1993.

**Historical Derivation:** *[handwritten: ✱ MORENO 2002 / OPENINGS ... 2008]*
Former Veh C § 40200.7, as added Stats 1992 ch 1244 § 14, amended Stats 1993 ch 1093 § 7. *[handwritten: Pocket supplement]*

**Cross References:**
Promise to appear to contest notice of violation: Veh C § 40200.7.

**Collateral References:**
Witkin & Epstein, Criminal Law (2d ed) § 1961.

**Attorney General's Opinions:**
Notice of Delinquent Parking Violation will not serve as basis for issuance of warrant of arrest for violation of Veh C § 40508. 70 Ops Atty Gen Cal 316.

### NOTES OF DECISIONS

The statutory scheme for contesting parking tickets, pursuant to which the person contesting a ticket must pay the parking fee before an administrative hearing is held (Veh. Code, § 40200.7), does not violate due process requirements, and an ordinary hearing need not be held before the contestant pays the parking penalty. Although the contestant's interest in his or her money is significant, the amount of money imposed as a parking penalty is not so great as to render the deprivation a serious loss, and any deprivation is temporary, since, if the contestant prevails at the hearing, the penalty is refunded. A prompt postdeprivation hearing is available to correct administrative error and the predeprivation hearing would violate the due process requirements, and the ordinary administrative procedure to provide a reasonably reliable basis for concluding that the facts justifying the official action are as a responsible governmental official warrants the deprivation. Moreover, the risk of error is alleviated by the initiation, prior to the deprivation (Veh. Code, §§ 40200.7, 40215, subd. (a)(1)), which requires before deposit of the penalty. Even though the government has authority to interest in obtaining the parking penalties in advance of the hearing is weak, there is a government interest in conserving administrative resources. Also, the payment requirement reduces the use of the contest procedure as a dilatory tactic by parking violators. Tyler v County of Alameda (1995, 1st Dist) 34 Cal App 4th 777, 40 Cal Rptr 2d 643.

There was no statutory authority for a county to impose a "processing fee" to help defray the costs of an administrative hearing by a person contesting a parking ticket pursuant to Veh. Code, §§ 40200.7, 40215, subds. (a)(2) & (b). By the terms of Veh. Code, § 40200.7 (contestant must deposit full amount of parking penalty in order to obtain administrative review), the amount which the contestant must pay in advance is the amount of the parking penalty; there is no statutory requirement that the contestant also pay a processing fee. Although a county has authority to impose an "administrative fee" under Veh. Code, §§ 40203.5, 40203.5 and 40220, such a fee is one which may be imposed when a parking ticket has gone unpaid, that is, when the penalty violator did not pay the parking ticket and did not pay the penalty. Thus, administrative fees are something above and beyond the parking penalty. Moreover, administrative fees are contemplated as charges to be imposed only when the delinquent parking ticket goes unpaid beyond a specified grace period. It would make no sense to impose an administrative fee on a contestant who has paid the parking penalty in advance of administrative review, while imposing no such penalty on the person who has paid the parking penalty until after receiving notice of the delinquent ticket. Tyler v County of Alameda (1995, 1st Dist) 34 Cal App 4th 777, 40 Cal Rptr 2d 643.

The statutory scheme for contesting parking tickets, pursuant to which plaintiff was required to pay the parking penalty ($275) before the administrative hearing (Veh. Code, § 40200.7), did not deprive her of due process of law under either the federal or the state Constitution. Although the procedure did constitute a deprivation of property, two important government purposes—prompt collection of fines and deterrence of dilatory and frivolous challenges to parking tickets—at least counterbalanced, if not outweighed, the private interest in retaining a parking penalty until after the adversary administrative review. The risk of an erroneous deprivation of property did not outweigh the governmental interest involved, even though the government derived revenue from parking tickets and the first investigative stage was conducted by the same person that issued the citation. The citation gives the violator an opportunity to gather evidence contemporaneous with the charged violation, and, in requesting an investigation, the violator has an opportunity to present his or her case in writing with any documentary and photographic evidence relevant to the investigation. A presumably impartial investigator reviews the violator's contentions in determining the validity of the citation. It is only after this procedure that the violator may be made to pay a parking penalty. The successful contestant is entitled to a prompt refund of the penalty deposit. Love v City of Monterey (1995, 6th Dist) 37 Cal App 4th 562, 43 Cal Rptr 2d 911.

In determining whether the statutory scheme (Veh. Code, § 40200.7) requiring persons cited for parking violations to deposit the amount of the parking penalty in order to contest the parking ticket at an administrative hearing, violates due process, a balancing test is applicable. Due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances, but is flexible and calls for such procedural protections as the particular situation demands. Accordingly, resolution of the issue whether the procedures were constitutionally sufficient required analysis of the governmental and private interests affected. Depending on the nature of the private interest affected, something less than an evidentiary hearing is sufficient prior to adverse administrative action. Love v City of Monterey (1995, 6th Dist) 37 Cal App 4th 562, 43 Cal Rptr 2d 911.

## § 40219. [Section repealed 1987.]
Added Stats 1986 ch 939 § 15. Repealed Stats 1987 ch 852 § 4. The repealed section related to the agency's inquiry as to the owner's compliance with requirements for releasing liability.

## § 40220. Options for collection of unpaid parking penalties
Except as otherwise provided in Sections 40221 and 40222, the processing agency shall proceed under only one of the following options in order to collect an unpaid parking penalty:

(a) File an itemization of unpaid parking penalties and service fees with the department for collection with the registration of the vehicle pursuant to Section 4760.

(b) If more than four hundred dollars ($400) in unpaid penalties and fees have been accrued by any person or registered owner, proof thereof may be filed with the court with the same effect as a civil judgment. Execution may be levied and other measures may be taken for the collection of the judgment as are authorized for the collection of an unpaid civil judgment. The processing agency shall send a notice by first-class mail to the person or registered owner indicating that a judgment shall be entered against a defendant in an action on a debtor. The court may assess costs against a judgment debtor to be paid upon satisfaction of the judgment. The processing agency shall send a notice by first-class mail to the person or registered owner indicating that a judgment shall be entered for the unpaid penalties, fees, and costs and that, after 21 calendar days from the date of the mailing of the notice, the judgment shall have the

RICHARD E. WINNIE [68048]
County Counsel
RAYMOND S. LARA [213181]
Deputy County Counsel
County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612-4296

*5527101*

Eve Del Castello
865 San Jose Ave #2
San Francisco, CA   94110-____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Del Castello | No. RG06283347 |
|---|---|
| Plaintiff/Petitioner(s) | Order |
| VS. | |
| | Petition for Writ |
| Alameda County Transit Parking Enforcement C | Granted |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Petition for Writ was set for hearing on 03/08/2007 at 02:00 PM in Department 31 before the Honorable Frank Roesch. The Tentative Ruling required that the parties appear, and the matter came on regularly for hearing.

Petitioner Eve Del Castello appeared in Pro per. Respondant Alameda County Transit  Parking Enforcement Center appeared by counsel Raymond S. Lara.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The Petition of Eve Del Castello for Writ of Mandate is GRANTED. The matter is referred back to Alameda County Transit Parking Enforcement Center to allow Petitioner to request an administrative hearing. The Petitioner shall have until March 19, 2007 to request the hearing.

Dated: 03/08/2007

Judge Frank Roesch

Order

Del Castello

vs.                                    Prayer for Relief

Alameda County Transit
Parking Enforcement Center

This case started in August or 2006 and I wish to be reimbursed for the traveling, postage & printing expense as well as the hours & hours of labor involved. It has been an abusive and insulting case to survive. Therefore, plaintiff requests all relief to which the plaintiff is entitled.


Eve Del Castello
EVE DEL CASTELLO

6-18-08
Date