UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVE DEL CASTELLO,<br><br>        Plaintiff(s),<br><br>  v.<br><br>ALAMEDA COUNTY TRANSIT<br>PARKING ENFORCEMENT CENTER,<br><br>        Defendant(s). | No. C08-3012 BZ<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff, appearing pro se, challenges the constitutionality of the California statute which applied to a parking ticket she received. Defendant, Alameda County Transit Parking Enforcement Center, has moved to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6).[1]

On December 1, 2008, the Court held a Case Management Conference. Both parties were present. During the Case

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1  Management Conference, plaintiff stated that she no longer
2  wanted her case to be heard before this Court but she wanted
3  instead to be heard on appeal before the Ninth Circuit.
4  Plaintiff was given until December 8, 2008 to file an
5  opposition to defendant's motion.  No opposition has been
6  filed.  I have nonetheless independently reviewed defendant's
7  motion, and have concluded it should be granted.
8      In its motion, defendant argues that plaintiff's
9  complaint should be dismissed because the issues she presents
10 are precluded by the doctrines of collateral estoppel and *res
11 judicata*.[2]  Defendant also argues that plaintiff's complaint
12 should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(1) as
13 moot.
14     To determine the preclusive effect of a California state
15 court decision, I must apply California law.  <u>Migra v. Warren
16 City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984) ("[A]
17 federal court must give to a state-court judgment the same
18 preclusive effect as would be given that judgment under the
19 law of the State in which the judgment was rendered.").
20     "The application of claim preclusion in California
21 focuses on three questions: (1) was the previous adjudication
22 on the merits, (2) was it final, and (3) does the current
23 dispute involve the same 'claim' or 'cause of action'?"  <u>Robi

---

[2]  The doctrine of *res judicata* "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.'" <u>Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.</u>, 575 F.2d 530, 535 (5th Cir. 1978); *see also* <u>McClain v. Apodaca</u>, 793 F.2d 1031, 1033 (9th Cir. 1986).  *Res judicata* encompasses two subsidiary doctrines, "claim preclusion" and "issue preclusion."

1  v. Five Platters, Inc., 838 F.2d 318, 324 (9th Cir. 1988)
2  (citing Slater v. Blackwood, 15 Cal.3d 791, 795 (1975)).
3  Claim preclusion also "prevents litigation of all grounds for,
4  or defenses to, recovery that were previously available to the
5  parties, regardless of whether they were asserted or
6  determined in the prior proceeding."  Brown v. Felsen, 442
7  U.S. 127, 131 (1979); quoted in Americana Fabrics, Inc. v. L &
8  L Textiles, Inc., 754 F.2d 1524, 1529 (9th Cir. 1985).

9      The related doctrine of issue preclusion, or collateral
10 estoppel, bars relitigation, even in an action on a different
11 claim, of all "issues of fact or law that were actually
12 litigated and necessarily decided" in the prior proceeding.
13 Segal v. American Tel. & Tel. Co., 606 F.2d 842, 845 (9th Cir.
14 1979); *see also* Dodd v. Hood River County, 59 F.3d 852, 863
15 (9th Cir. 1995).  "Under both California and federal law,
16 collateral estoppel applies only where it is established that
17 (1) the issue necessarily decided at the previous proceeding
18 is identical to the one which is sought to be relitigated; (2)
19 the first proceeding ended with a final judgment on the
20 merits; and (3) the party against whom collateral estoppel is
21 asserted was a party or in privity with a party at the first
22 proceeding."  Hydranautics v. FilmTec Corp., 204 F.3d 880, 885
23 (9th Cir. 2000) (citing Younan v. Caruso, 51 Cal. App. 4th
24 401, 406-07 (1996)).

25     Plaintiff's complaint, filed with this Court on June 18,
26 2008, challenges the constitutionality of section 40215 of the
27 California Vehicle Code ("CVC") pursuant to the Fourth, Fifth,
28 Eighth, and Fourteenth Amendments to the U.S. Constitution.

Plaintiff's Petition for Writ of Mandate, filed with the California Superior Court of the County of Alameda on August 10, 2006, challenged the same section of the CVC pursuant to the same Amendments to the U.S. Constitution.[3] On March 14, 2007, the Superior Court issued an Amended Order granting in part and denying in part plaintiff's Petition for Writ of Mandate.[4] On April 27, 2007, the Superior Court issued a further Order stating that implicit in its earlier ruling was the determination that section 40125 of the CVC is constitutional. The Superior Court cited to Tyler v. County of Alameda, 34 Cal.App.4th 777 (1995) ("On balance, we conclude that the statutory scheme for contesting parking tickets does not violate due process requirements.").

Plaintiff appealed the Superior Court's ruling to the California Court of Appeal, which issued a decision on March 2, 2008, affirming the constitutionality of section 40125 of the CVC and dismissing the appeal as moot. Plaintiff filed a Petition for Review of the Court of Appeal's ruling with the California Supreme Court, which was denied on May 14, 2008. From the record before me, it does not appear plaintiff

///

---

[3] On a motion to dismiss, I may take judicial notice of matters of public record outside the pleadings. Mack v. South Bay Beer Distributors, 798 F.2d 1279 (9th Cir. 1986); Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir. 1956).

[4] Following a hearing held on March 8, 2007, the court initially granted plaintiff's petition without qualification; however, in response to a query by Alameda County regarding the breadth of the initial ruling, the court filed an amended order on March 14, 2007.

4

1  sought review in the U.S. Supreme Court.[5]

2  In light of this procedural background, I agree with
3  defendant that plaintiff's complaint is barred by the
4  doctrines of claim and issue preclusion.  Plaintiff's
5  constitutional challenge of section 40125 of the CVC was an
6  issue necessarily decided at the previous proceeding and is
7  identical to the one which is sought to be relitigated by
8  plaintiff in federal court; the first proceeding ended with a
9  final judgment on the merits; and, the party against whom
10 collateral estoppel is asserted was a party at the first
11 proceeding.[6]

12 For these reasons, defendant's motion to dismiss is
13 ///
14 ///

---

[5]  Plaintiff may not understand that a federal district court does not ordinarily have jurisdiction to review or alter a ruling of a state-court judge.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (approving dismissal of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir. 1986) (forbidding the filing of suits seeking de facto review of state-court decisions).  If plaintiff is dissatisfied with a state-court ruling, her remedy is to seek timely and appropriate review through the state court system, which she did, and then review from the United States Supreme Court, to the extent it is available.

[6]  To the extent that plaintiff's complaint raises any new legal arguments regarding section 40125 of the CVC that could have been raised at the earlier proceedings, those arguments are also barred.  See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 378 (1940) ("*res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.'" (citations omitted)).

**GRANTED**.[7]

Dated: December 22, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DEL CASTELLO V. ALAMEDA CTY\ORDER ON MOTION TO DISMISSv.2.wpd

---

[7] Because I find that plaintiff's claims are barred by the doctrines of claim and issue preclusion, I need not reach the issue of whether plaintiff's claim is moot. I note, however, that the "capable of repetition, but evading review" exception to the mootness doctrine may apply to some of plaintiff's claims. The exception applies where (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again. Biodiversity Legal Found v. Badgley, 309 F.3d 1166, 1173 (9th Cir. 2002).